**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:19-cr-00507-PAB-1

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. JOSHUA DAVID GESS,

 Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS [ECF # 17, 20, 21, 28]**

---

The United States of America, by and through Kelly R. Churnet, Assistant United States Attorney, hereby submits this Response to the Defendant's Motions pursuant to this Court's order dated January 6, 2020 [ECF # 33]. This Response addresses the following Motions: (1) Motion for Bill of Particulars [ECF # 17], (2) Motion to Dismiss Pursuant to Fed. Crim. P. 48 [ECF # 20] (3) Motion for Independent Laboratory/Scientific Tests [ECF # 21], and (4) Motion to Sever and Try Offense Separate [ECF # 28].

**United States' Response to Motion for Bill of Particulars**

The defendant was indicted by a Grand Jury on December 5, 2019, charging him with three counts: (1) Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1), (2) Possession with Intent to Distribute, 50 grams and more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in

violation of 18 U.S.C. § 924(c)(1)(A)(i).  See ECF # 1.

The defendant argues that the superseding indictment is vague with no particulars regarding how he committed the allegations and what conduct the government is attributing to him  [ECF # 17].  The defendant also claims that discovery is incomplete and does not show how the defendant is charged based on the evidence.  Id.  The defendant seeks a bill of particulars to help him prepare a defense as a pro se defendant, and specifically to assist him in preparing for trial and/or to assist him in considering whether or not to proceed to trial.  Id.

Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. Rule 7(c).  An indictment is sufficient if it (1) contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend; and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.  See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Bedonie, 913 F.2d 782, 790 (10th Cir. 1990).  Tracking the language of the statute is generally sufficient as long as the indictment sets forth the elements of the offense and provides a statement of facts that informs the defendant of the specific offense.  See Hamling, 418 U.S. at 117-18; United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988).  An indictment need not allege in detail the factual proof that the government will rely on to support the charges.  See Dunn, 841 F.2d at 1029.

Fed. R. Crim. P. Rule 7(f) provides that "[t]he court may direct the government to

file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires." "The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision so that he may prepare his defense, minimize surprise at trial, and to enable him to assert Double Jeopardy should he be subject to a later prosecution for the same offense." *Dunn*, 841 F.2d at 1029. A "bill of particulars cannot be used to obtain a list of the government's witnesses or evidentiary detail." *United States v. Barbieri*, 614 F.2d 715, 719-20 (10th Cir. 1980).

Here, the Indictment fully explains the nature of the charged offenses and contains all of the elements of the charged offense, as well as a description of the relevant time period. By doing so, the Indictment fairly informs the defendant of the nature of the charges against him and is sufficiently complete to allow the defendant to prepare a defense, avoid surprise, and bar the risk of double jeopardy.

The government has also supplemented the Indictment by way of the discovery that has been turned over to the defense. The defendant has been provided with broad discovery in this case, including all reports of investigation from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), which includes reports of the functionality and interstate nexus testing of the firearms, photographs taken during the search of his residence and of the firearms and narcotics, GPS coordinates for his ankle monitor showing his location and before his arrest, a log of his reports to parole, lab results of the seized narcotics, criminal history reports including certified copies of his

prior felony convictions, the defendant's signed parole agreement and firearm advisement, correspondence between ATF TFO Aaron Anderson and the parole board, minutes from the defendant's parole hearing, and his parole complaint.   Additional discovery, including the requested Grand Jury transcript, the Governor's Constituent Complaint, and additional testing on the methamphetamine are forthcoming.

The defendant has all of the discovery in this case, which provides him with the government's evidence that will be used at trial.   It is this evidence which serves as the basis for the three charges against him.   A bill of particulars is unnecessary to help him effectively prepare for trial.   As the Indictment is sufficient and the defendant has been provided with all of the information underlying the indictment and all of the information necessary to prepare for trial and/or determine whether he would like to proceed to trial, and guard against Double Jeopardy concerns, the motion for a bill of particulars should be denied.

**United States' Response to Motion to Dismiss Pursuant to Fed. Crim. P. 48**

The defendant seeks to have the Indictment dismissed under Federal Rule of Criminal Procedure 48.   The defendant also seeks release.   He claims that he was denied due process and speedy process when he was arrested and held for parole violations in October 2019   [ECF # 20].   Similarly, he claims that he was illegally detained in order for the government to seek the Indictment.   *Id.*   The defendant also claims that no tests were ever performed on the drugs that were seized from his residence, which form the basis for two of the charges against him.   *Id.*

Rule 48(b) of the Federal Rules of Criminal Procedure allows a court to dismiss

an indictment if there is "unnecessary delay" in (1) presenting a charge to a grand jury, (2) filing an information against a defendant, or (3) bringing a defendant to trial. Fed. R. Crim. P. 48(b). The Notes to Rule 48 show that that Rule 48(b) was intended as "a restatement of the inherent power of the court to dismiss a case for want of prosecution." 1944 Advisory Committee Notes to Rule 48. "In other words, the Advisory Committee did not intend Rule 48(b) as an all-encompassing grant to district courts of supervisory authority over the prosecution of criminal cases, but rather as a recognition of a district court's power to dismiss a case that the government has failed to prosecute in a timely manner." *United States v. Begay*, 602 F.3d 1150, 1154 (10th Cir. 2010). With regards to due process, the "rights of a defendant under the due process clause of the Fifth Amendment are not violated in the absence of a showing of actual prejudice resulting from the preindictment delay and that the delay was purposefully designed to gain tactical advantage or to harness the defendants." *United States v. Pino*, 708 F.2d 523, 527 (10th Cir. 1983) (internal citations omitted).

      The defendant has failed to provide a basis for dismissal under Rule 48. The defendant has not, and cannot, provide any argument as to how his speedy trial rights have been violated. The defendant has also not established that there was "unnecessary delay" in presenting a charge to a grand jury that would warrant dismissal. The government has already addressed in detail the defendant's argument regarding his state detention for parole violations in the United States' Response to Defendant's Motions [ECF # 19, 22, 23, 31, 32], filed on January 10, 2020. *See* ECF # 40, pgs. 9-12 ("United States' Response to Objection to Grand Jury, Probable Cause, and Pretrial

Detention").[1]   There is no merit to the defendant's claims of delay.   The defendant also has not articulated any actual prejudice due to any perceived pre-indictment delay or shown that any delay was due to government's attempts to "gain a tactical advantage" that would warrant a finding of a violation of his due process rights.

As such, the defendant has not articulated any basis for the dismissal of the Indictment under Rule 48 or otherwise.   His motion to dismiss should be denied.

### United States' Response to Motion for Independent Laboratory/Scientific Tests

In the defendant's Motion for Independent Laboratory/Scientific Tests, the defendant seeks to have testing done on the narcotics that were seized from his residence, which he claims have not been tested, he also makes a request for experts for fingerprint and DNA tests, although he does not clarify what he wants tested, as well as a request for DNA testing for syringes that were seized from his residence, and the net weight of alleged substances without packing   [ECF # 21].

As stated, testing has already been conducted on the narcotics found in the defendant's residence and produced to the defendant.   The lab reports provide the net weight of substances.   Additional purity testing is forthcoming.   To the extent the defendant wishes to receive independent lab testing on the narcotics, the government

---

[1] Note that the government has also provided the defendant with the Laboratory Examination Report from Jefferson County Regional Crime Laboratory containing the results of the testing of the narcotics found in the defendant's residence.   The narcotics are currently undergoing additional testing, specifically for purity, at one of the Drug Enforcement Administration (DEA)'s lab.   The government will produce these laboratory results once they are completed.

does not object to the defendant's request for qualitative retesting, but because this request involves controlled substances, the government respectfully request that the Court order certain conditions. The government would request that such conditions be articulated after the government receives the drug exhibits back from the DEA Laboratory so that that it can properly identify the conditions to be imposed by DEA LIMS Number and exhibit number in said order. The government expects to receive the results from the DEA lab on January 24, 2020.

Notably, the defendant has not identified a defense expert who will conduct such tests. Pursuant to this Court's order dated December 18, 2019, expert witness disclosures were due on January 3, 2020. The government has not received any expert witness disclosures from the defendant generally, or specifically as to testing of controlled substances.

As to the defendant's request for "expert independent fingerprint and DNA experts," the government requests additional information regarding what items specifically the defendant is seeking to have tested. To the extent the defendant is requesting that the Court appoint experts to conduct fingerprint and DNA analysis under Rule 706 of the Federal Rules of Evidence, the government defers to the discretion of the court. *See United States v. Sloan*, 65 F.3d 861, 864 (10th Cir. 1995) (The decision to appoint an expert witness rests with the sound discretion of the district court).

As to the defendant's request for DNA testing from the syringes, the government does not object to the defendant's request, however, would again respectfully requests that the Court order certain conditions to be determined. The government would again

note that it has not received any expert witness disclosures from the defendant's regarding this or any other type of expert.

### United States' Response to Motion to Sever and Try Offenses Separate

The defendant seeks to sever all three counts of the Indictment [ECF # 28]. In support of his argument, the defendant claims that the proof needed for the elements of each count, specifically proof of his status as a prior felon, would prejudice the defendant's ability to receive a fair trial.

Fed. R. Crim. P. 8(a) allows for the joinder of separate offenses if "the offenses are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8 is "broadly construed to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Janus Industries*, 48 F.3d 1548, 1557 (10th Cir. 1995). The Supreme Court "has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986) (internal citations omitted).

Under Rule 14, however, a court "may order separate trials of counts" if joinder of offenses appears to prejudice a defendant or the government. Fed. R. Crim. P. 14(a). The defendant must demonstrate real prejudice and he must show that any prejudice he would suffer outweighs the expense and inconvenience of separate trials. *United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir. 1994). "Severance is a matter of discretion and not of right," and "the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir.

1984).   Rule 14 "does not require severance even if prejudice is shown."   *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

The Tenth Circuit has specifically held that "trying firearms and drug-trafficking charges together results in no essential unfairness when the relationship of the charges grew out of the defendant's own conduct."   *United States v. Buckley*, 513 F.3d 1183, 1188 (10th Cir. 2008) (internal citations omitted).   The Court has consistently upheld joinder of charges that include firearms status offenses with other substantive counts that would not require a showing of felony status.   *See United States v. Jones*, 213 F.3d 1253, 1260 (10th Cir. 2000) (finding that joinder of the felon in possessions counts with the substantive robbery charges was appropriate under Fed. R. Crim. P. 8); *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983) (rejecting defendant's argument that he was prejudiced by refusal to sever firearms count that required proof of former conviction from drug charges); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991) (joinder of drug and firearms possession charges was proper).

The defendant claims that proof of the elements of each offense would generally prejudice him in each individual count, and that he would be prejudiced specifically by proof of his convicted felon status.   The defendant, however, does appear to acknowledge the interrelated nature of his counts, stating "neither Counts 2, 3 can exist without Count 1, Count 3 can't stand without Counts 2 and 1."   [ECF # 28].   Here, the defendant's felon in possession of a firearm charges are connected to his other two charges: drug trafficking and use of a firearm in furtherance of a drug trafficking crime. The drugs and firearms were all seized from the defendant's bedroom, at the same time,

and were located in close proximity to each other. It is the government's position that the defendant possessed the firearms as part of his drug trafficking scheme. The charges grew out of the defendant's own conduct, namely drug trafficking. Like in *Jones, Valentine,* and *Cox,* joinder of the charges is appropriate, despite the firearms status offense. Moreover, even if the defendant was able to prove some strong showing of prejudice, he has not shown that this prejudice would outweigh the inconvenience and expense of three separate trials and three separate juries, who would ultimately be making determinations regarding the same testimony and the same facts.

Notably, even if the counts were severed, evidence of the defendant's firearm possession would be admissible to show his intent to distribute marijuana and carrying a firearm during and in relation to a drug trafficking offense. *See United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991) (finding that possession of a firearm is relevant to participation in drug distribution because it is one of the "tools of the trade" used for the distribution of illegal drugs).

Ultimately, even if the Court concludes that the joinder of counts one through three could result in prejudice, a limiting instruction could cure any possible prejudice, as would the defendant's stipulation to the prior conviction. *Jones*, 213 F.3d at 1261 (finding that the district court did not abuse its discretion in denying the defendant's motion to sever where the defendant "stipulated to a prior felony conviction, thereby shielding the jury from the prejudicial details of his prior activities" and "the district court issued a limiting instruction to the jury.").

Thus, severance in this case is not warranted and the Court should deny the defendant's motion to sever.

Dated: January 17, 2020

                                            Respectfully submitted,

                                            JASON R. DUNN
                                            United States Attorney

By:   *s/Kelly R. Churnet*
        Kelly R. Churnet
        Assistant United States Attorney
        United States Attorney's Office
        1801 California St., Suite 1600
        Denver, Colorado   80202
        Telephone:   (303) 454-0100
        Fax:   (303) 454-0406
        E-mail:   Kelly.Churnet@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically filed the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS [ECF # 17, 20, 21, 28] with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By:   s/*Stephanie Graham*
Legal Assistant
United States Attorney's Office
1801 California St., Suite 1600
Denver, Colorado   80202
Telephone:   (303) 454-0100
Fax:   (303) 454-0405