IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No.  19-cr-00507-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JOSHUA DAVID GESS,

      Defendant.

_____

## ORDER
_____

      This matter is before the Court on defendant's Motion for Bill of Particulars [Docket No. 17], Motion to Severe [sic] and Try Offenses Separate [Docket No. 28], Motion to Dismiss for Violations of 18 USCS § 3161(b), 18 USCS § 3162(a)(1) [Docket No. 42], Motion for Disclosure of Government's Intended Witnesses [Docket No. 46], and Motion for Immediate Release from Custody [Docket No. 63].

## I.  MOTION FOR A BILL OF PARTICULARS

      Defendant moves for the government to file a bill of particulars.  Docket No. 17. Defendant claims he needs to know "exactly what the [government] is attributing to defendant" and argues that, without a bill of particulars, he will be "unable to properly prepare for trial and/or consider a meaningful strategy whether to proceed to trial."  *Id*. In response, the government states that the indictment "fairly informs the defendant of the nature of the charges against him."  Docket No. 70 at 3.  The government also represents that it has provided the defendant with "all of the discovery in this case,"

which it describes in detail.  *Id*. at 3-4.

A bill of particulars is not a substitute for discovery.  *See United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) ("A bill of particulars . . . is not a discovery device but may serve to amplify the indictment by providing additional information." (internal quotation marks and bracket omitted)); *see also United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) ("A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial.  The defendant is not entitled to notice of all the *evidence* the government intends to produce, but only the *theory* of the government's case."  (internal citations, quotation marks, and bracket omitted)).  Given the government's representation that the defendant "has all of the discovery in this case," *see* Docket No. 70 at 4, the Court finds that the government has satisfied its obligation to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense."  *Ivy*, 83 F.3d at 1281 (internal quotation marks omitted); *see also id.* at 1282 (affirming denial of defendants' request for a bill of particulars where the government provided the defendants with "complete discovery containing sufficient information to allow them to prepare their defense").

In summary, the Court has considered the three *Dunn* factors, *see Dunn*, 841 F.2d at 1029 (enumerating three purposes served by a bill of particulars: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense"), and has determined that the

discovery already produced by the government, together with the information provided in the government's response, satisfies the purposes served by a bill of particulars. Thus, the Court will deny defendant's motion.

## II.   MOTION TO SEVER COUNTS

The indictment charges defendant with three offenses: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) possessing with intent to distribute 50 grams or more of methamphetamine (mixture) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Docket No. 1 at 1-2. Defendant moves to sever the three counts and try each offense separately.  Docket No. 28 at 1.  Defendant argues that "the jury will be prejudiced by proof of [his] convicted felon status," which is necessary to prove Count 1.  *Id*.

Under Fed. R. Crim. P. 14(a), if the joinder of offenses for trial "appears to prejudice a defendant," the court may order separate trials of those counts.  Denial of a motion to sever is within the discretion of the trial court.  *United States v. Durham*, 139 F.3d 1325, 1333 (10th Cir. 1998).

The Court is not persuaded that trying all three counts together will cause defendant any prejudice.  "[T]rying firearms and drug-trafficking charges together results in 'no essential unfairness when the relationship of the charges grew out of the defendant's own conduct.'" *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008) (quoting *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983)).  In *Burkley*, the Tenth Circuit affirmed the district court's decision not to sever a charge of

3

possession with intent to distribute from a charge of carrying a firearm during a drug trafficking offense. *Id*. at 1188.  These are the same charges that defendant faces in Counts Two and Three.  *See* Docket No. 1 at 1-2.  Similarly, the Tenth Circuit has held that joinder of a felon-in-possession charge with a "substantive" charge is not prejudicial where the relationship of the charges "clearly grew out of [defendant's] own conduct" and "the prior conviction was not given unnecessary or undue emphasis at trial."  *United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000).  Here, the government represents that the "drugs and firearms were all seized from the defendant's bedroom, at the same time, and were located in close proximity to each other," and that "[i]t is the government's position that the defendant possessed the firearms as part of his drug trafficking scheme."  *See* Docket No. 70 at 9-10.  The Court is satisfied that Count One is sufficiently connected to Counts Two and Three to weigh against severance.  Any potential prejudice to defendant may be cured, as in *Jones*, by defendant stipulating to a prior felony conviction in order to "shield[] the jury from the prejudicial details of his prior activities" and the Court issuing an appropriate limiting instruction to the jury.  *See Jones*, 213 F.3d at 1260-61.

Because the offenses are connected, and because the "obviously important considerations of economy and expedition in judicial administration" weigh against the Court conducting two or three separate trials in this matter, the Court will deny defendant's motion to sever.  *See United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994).

### III.   MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT

Defendant moves to dismiss the indictment on the basis that he was kept in custody on a federal arrest warrant for more than thirty days before the government filed the indictment in this case.  Docket No. 42 at 1.  Defendant argues that he was arrested on federal charges on October 28, 2019.  *Id*.

Pursuant to 18 U.S.C. § 3161(b), an indictment "shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges."  If no indictment is filed within the time limit required by § 3161(b), the charge "shall be dismissed or otherwise dropped."  *Id*. § 3162(a)(1).

The docket indicates that the indictment in this case was filed on December 5, 2019.  Docket No. 1.  An arrest warrant for defendant was issued the same day.  Docket No. 3.  Defendant was arrested on the warrant on December 9, 2019, Docket No. 4, and had his initial appearance in front of Magistrate Judge Nina Y. Wang on the same day.  Docket No. 5.  While defendant may have been arrested on October 28, 2019, there is no evidence in the record that the arrest was pursuant to a federal arrest warrant or that he was in federal custody before he was arrested on December 9, 2019.  *See, e.g.*, *United States v. Mills*, 964 F.2d 1186, 1189-90 (D.C. Cir. 1994) (noting the "undisputed rule that a *state* arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense" and collecting cases from six other circuits).  Thus, the Court finds that no violation of § 3161(b) has occurred and will deny defendant's motion.

5

## IV.   MOTION TO DISCLOSE WITNESSES

Defendant moves for the Court to order the government to provide defendant with a list of witnesses the government intends to call at trial.  Docket No. 46 at 1. Defendant cites no legal authority for this request.  This Court's practice standards require parties to file their witness lists two business days before the trial preparation conference, which is set for January 31, 2020.  *See* Practice Standards (Criminal cases), Chief Judge Philip A. Brimmer § IV.A.2.  Thus, there is no basis for the Court to order the government to produce its witness list at this time, and the Court will deny defendant's motion.  *See United States v. Nevels*, 490 F.3d 800, 803 (10th Cir. 2007) ("It is settled law in this circuit that, in the absence of a statutory or constitutional requirement, there is no requirement that the government disclose its witnesses in any manner, except in a case where trial is for treason or other capital offense." (internal alterations omitted))

## V.   MOTION FOR IMMEDIATE RELEASE

Finally, defendant moves for immediate release from custody, arguing that there is "no probable cause to try defendant."  Docket No. 63 at 1.  Defendant appears to argue that, because the government "already offered to drop" Count One – presumably as part of plea negotiations – the government is conceding that it has no probable cause to try defendant on Count One.  *Id*.  However, an offer by the government to dismiss a count from an indictment as an inducement for a defendant to agree to plead guilty to other counts is not an admission by the government that it does not have probable cause to proceed to trial on that count.  A grand jury has already found

6

probable cause for Count One.  As a result, the Court will deny defendant's motion for immediate release.

## VI.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion for Bill of Particulars [Docket No. 17] is **DENIED**.  It is further

**ORDERED** that defendant's Motion to Severe [sic] and Try Offenses Separate [Docket No. 28] is **DENIED**.  It is further

**ORDERED** that defendant's Motion to Dismiss for Violations of 18 USCS § 3161(b), 18 USCS § 3162(a)(1) [Docket No. 42] is **DENIED**.  It is further

**ORDERED** that defendant's Motion for Disclosure of Government's Intended Witnesses [Docket No. 46] is **DENIED**.  It is further

**ORDERED** that defendant's Motion for Immediate Release from Custody [Docket No. 63] is **DENIED**.

DATED January 23, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge