Case 1:19-cr-00507-PAB   Document 120   Filed 01/30/20   USDC Colorado   Page 1 of 12

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
1/30/2020
**JEFFREY P. COLWELL, CLERK**

Proposed Instruction

Interstate Commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

Foreign commerce means commerce between any part of the United States and any other country.

Proposed Instruction

The statute of limitations for these charges is five years, 2,025 days. You after hearing the facts must determine if the statute of limitations apply. If the elements of these offenses occured outside of 2,025 days, you must aquit.

Proposed Instruction
  Actual or constructive possession
  Key terms is knowing of items presence and power and intent to control it.
  In this situation where objects found in a room of multiple occupants, you may not infer power and intent to excercise control over the object based solely on joint occupancy. Mere proximity in the place in which objects are found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object demonstrating the power and intent to excercise control over the object. In joint occupancy government must show connection individually linking Mr. Gess to the contraband. Mere presence to does not equal possession. You must decide whether government presented evidence proving that particular occupant guilty beyond a reasonable doubt.

Proposed Instruction
  Knowingly
  Knowingly means that the act was done voluntarily and intentionally and not because of mistake or accident. The Government must prove Mr. Gess knew he possessed a firearm and that Mr. Gess knew he possessed 50 grams or more of meth with intent to distribute. The Government must prove Mr. Gess knowingly possessed these, not the other occupants, Knowing Mr. Gess the only individual arrested or charged.

Proposed Instruction
  Duty to Deliberate
  Your verdict whether guilty or not guilty, must be unanimous, in other words you all must agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.
  Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While your discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. Don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.
  Remember, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from evidence in the case.

*Impeachment by Prior Inconsistent Statements*

*Proposed Instruction*

You have seen numerous contradicting statements and evidence that before testifying at this trial ATF Agent Anderson offered false testimony to the Grand Jury, made written contradicting statements as to those made by St. Pierre and D. Mitchell, routinely offered differing sets of information throughout these proceedings. You may consider that earlier statements and testimony to help you decide how much of ATF Agent Andersons testimony or investigation to believe. If you find Andersons statements contradict one another and the admissions of St. Pierre and D. Mitchel, then you should decide whether that affects the believability of ATF Agent Andersons testimony, reports, investigation and integrity.

Proposed Instruction

You have heard evidence that before testifying at trial Mr. Stegner altered documents that created a means for law enforcement to avoid seeking a warrant to search a home. These altered documents directly contradict Mr. Stegner's written report a mere three days prior. You may consider the steps taken by Stegner and testimony provided to help you decide how credible Mr. Stegner is. Then you should decide whether that affects the believability of Mr. Stegner.

Proposed Instruction

You have heard the U.S. Atty's Office subjected defendant to false charges based on false testimony to the Grand Jury by Agent Anderson. You have seen the documentation of these ethics violations by what is suppose to be a highly regarded public servant. You have seen the attempts to cover this acts rather than remedy them. Based on Anderson's perjury, false statements and oaths supported by the US Atty, Mr. Gess asks you to consider what if anything you should believe about the prosecutions case. The reliability of the prosecution before you is admittedly based on false information provided to the Grand Jury.

## Definitions

### Proposed Instruction

**Intentionally**

The government must prove beyond a reasonable doubt that defendant acted intentionally. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, defendants acts must have been the product of defendants concious objective rather than the product of a mistake or accident.

**Knowingly**

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendants conduct and ~~all~~ by all of the facts and circumstances surrounding the case.

### Proposed Instruction

**Multiple Counts**

The indictment contains a total of 3 counts. Each count charges the defendant with a different crime. You must consider each count seperately and return a seperate verdict of guilty or not guilty for each. ~~Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other.~~ However count three cannot be found guilty absent counts 2 and 1, so if either count 1 or 2 you find defendant not guilty, you must find Mr. Gess not guilty of count three.

Proposed Instruction

Consider Only the Charges

The defendant is absolutely not charged with committing any crime other than the offenses with the elements contained in the indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

Proposed Instruction

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

The fact that another person may be guilty and not the defendant is an important piece of evidence the jury should consider when listening to the facts as they occurred in real time. The government chose only to arrest and prosecute the defendant despite multi occupancy of the room involved.

Proposed Instruction   Non-Testifying defendant

Mr. Gess did not testify and you cannot consider his decision not to testify as evidence of guilt. The Constitution grants a defendant the right to remain silent. It is a carefully gaurded right and you must not presume or infer guilt from the fact the defendant does not testify. It is the Government's position the defendant is guilty, it is not the defendant's to prove anothers guilt but to defend the allegation against him. The Government must prove defendants guilt, not the other way around.

Proposed Instruction

Mr. Gess is accused of a crime of drug trafficking, (count 2) more than 50 grams of meth, the statute specifically provides an enhanced punishment for count two, if count two "committed by use of a deadly or dangerous weapon", the Government first must prove count two, then must prove Mr. Gess and nobody else, ~~used, carried or~~ possessed a firearm - simultaniously as conducting the act of possessing with intent to distribute 50 or more grams of meth. The indictment for count three specifically lists count two as an element to its case for count three. It is against federal law to ~~use, carry or~~ possess a firearm during or in furtherance of possession with intent to distribute 50 or more grams of methamphetamine. For you to find Mr. Gess guilty of this crime, you must be satisfied that the government has proven each of the following things:

First Mr. Gess committed the crime of possession with intent to distribute 50 or more grams of meth.

Second, Mr. Gess knowingly ~~used, carr~~ possessed a firearm in furtherance of that crime.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

A defendant possesses a firearm "in furtherance" of a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime.

In order to establish the crime charged in count three, you must find the government has sustained its burden of proving each of the following elements beyond a reasonable doubt:

Mr. Gess is guilty of count two,

Mr. Gess knowingly possessed firearm during commission of count two,

~~Mr. Gess not any other occupants of the room~~ The drugs and guns both belonged to Mr. Gess during intent to distribute 50 grams or more, not any other occupants

If you have reasonable doubt after careful consideration of all the evidence as to any of the elements, then it is your duty to acquit.

p/os

Reasonable doubt

Proposed Instruction No.

The law is suppose to presume a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The test is one of reso reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense. The kind of doubt that would make a reasonable person hesitate to act in the most important of his or her affairs.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt, the jury must, of course adopt the conclusion of innocence.

Proposed Instruction

A failure on part of the ATF to follow standard or normal investigative procedures during the investigation is a factor that you may consider in evaluating the evidence presented in this case. In this case the ATF did not follow chain of custody protocol, prevent cross contamination of evidence, finger print or dna test any of the pieces of evidence. With respect to this factor, you should consider ~~three~~ these questions:

(1) Whether the failure to obtain or search for fingerprint and dna evidence was standard procedure or steps that would otherwise normally be taken under the circumstances;

(2) ~~Is~~ Are multiple pieces of evidence always thrown into one evidence bag?

(3) Whether the failure to properly isolate evidence, obtain or search for fingerprints or dna could reasonably have been expected to lead to significant evidence of the defendants guilt or innocence;

(4) Whether the evidence provides a reasonable and adequate explanation for the failure to obtain or search for fingerprint or dna evidence.

(5) Why would steps not be taken to meaningfully investigate evidence obtained from multi occupancy room to ascertain facts relevent to guilt or innocence; when ownership unclear

If you find that any omissions in the investigations were significant and not adequately explained, you may consider whether the omissions tend to effect the quality and reliability of the evidence presented by the Goverment. Alternatively you may consider whether failure to obtain or search for fingerprint or dna evidence tends to show the existance of police bias ~~again~~ against the defendant during the investigation

All of these considerations involve factual determinations that are entirely up to you, and you are free to give this matter whatever weight if any you deem appropriate based on all the circumstances

Such basic investigative failures has to create reasonable doubt, especially when multiple parties are present. These basic tools could have removed any doubt, rather than create it. Absent proof of possession there can be no conviction.

Proposed Instruction

Possession with Intent to distribute 50 or more grams of meth

The defendant is charged in count two with knowingly and intentionally possess with the intent to distribute 50 grams and more of methamphetamine (mixture), a Schedule II controlled substance

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt.

First: Mr. Gess knowingly and intentionally possessed a controlled substance as charged.

Second: The substance was in fact methamphetamine

Third: Mr. Gess possessed the substance with the intent to distribute it;

Fourth: The amount of controlled substance was 50 grams or more.

Methamphetamine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Fifth: That there is evidence to sustain not only possession but intent to distribute. There must be evidence Mr. Gess intended on distributing 50 or more grams of methamphetamine

Proposed Instruction                                     Mere Presence

Mr. Gess' presence at the scene where there were multiple occupants and assumed knowledge that a crime occurred, is not sufficient by itself to establish the defendants guilt.

Mr. Gess' association with a person possessing alleged methamphetamine is not sufficient by itself to prove Mr. Gess actually possessed the alleged methamphetamine and not the other occupant.

You must believe beyond a reasonable doubt the meth was the defendants, not the other occupants.

Proposed Instruction
Impermissability of Inferring Guilt by Reason of Association

You may not infer defendant was guilty of participating in a criminal conduct merely because he associated with another person that the evidence shows were guilty of wrong doing. Mr. Gess was found in a jointly occupied room. The Government must show a nexus between the defendant, the firearms, the 50 grams or more of meth. Mr. Gess was in a jointly occupied room, where law enforcement <u>only</u> arrested Mr. Gess and Mr. Gess was not in actual possession of the guns or meth, mere presence and proximity is insufficient to infer intent, knowledge or possession. Knowledge of or access to is in itself insufficient to compel inference that the defendant intended to excercise dominion or control over them. None of the evidence was in plain sight or within reach of defendant. The other occupant was actually found in arms reach, under a bed with the evidence and has submitted an affidavit, notarized claiming ownership.

The jury must believe beyond reasonable doubt that despite multiple persons occupying and one claiming ownership that it was in facts defendants. Being present with others who had possession is not enough to convict. The Government must prove defendant possessed the drugs and guns.



Joshua Gess
455-1013
9575 W. Quincy Ave.
Littleton, CO. 80123

US Dist. Court
Jefferey P. Colwell, Clerk
901 19th St.
Denver CO 80294

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN 30 2020
JEFFREY P. COLWELL
CLERK