IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00507-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOSHUA DAVID GESS,

    Defendant.

_____

**ORDER**
_____

This matter is before me on defendant's Motion for Recusal of Judge Brimmer [Docket No. 204], Motion for a Hearing by Neutral Third Party Judge to Hear Defendant's Motion to Recuse Judge Brimmer [Docket No. 205], and Motion to Appoint Special Prosecutor [Docket No. 206].[1]

**I.   MOTION TO RECUSE**

Defendant asks that I recuse myself from this case.  Docket No. 204.  In support, he argues that I am "named as a defendant in [a] civil matter" and that my "personal interest in [that] litigation [presents] a conflict of interest" requiring recusal.  *Id*.  Defendant requests that his motion be heard by a "neutral third party judge."  Docket No. 205.

---

[1] Defendant is represented by counsel, but he filed these motions *pro se*. Defendant has filed a motion for new counsel, Docket No. 203, and his counsel has filed a motion to withdraw.  Docket No. 207.

As an initial matter, I will deny defendant's request for a hearing before a different judge. Defendant cites no authority requiring a different judge to rule on a motion to recuse, and I am aware of none. *See Burleson v. Sprint Pcs Grp.*, 123 F. App'x 957, 960 (10th Cir. 2005) (unpublished).

I construe defendant's motion as arising under 28 U.S.C. § 455(a).[2] Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is "purely objective" and the inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The decision to recuse is committed to the sound discretion of the district court. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994.

I will deny the motion. Although defendant is not clear as to which civil matter he is referring, I assume that he is referring to *Gess v. 10th Circuit District Court*, No. 20-cv-01790-PAB-STV. The named defendants in that case are the "10th Circuit District Court" and the United States Marshals Service. *See Gess*, Docket No. 5 at 1. As I am not personally named as a defendant and the only relief defendant seeks is release from pretrial detention, I perceive no "personal interest" in that case which would lead

---

[2] A party may also move for recusal under 28 U.S.C. § 144. However, that statute requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Defendant has not submitted such an affidavit.

to a conflict of interest. Even if I was personally named, "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *see also Arunachalam v. Pazuniak*, 2016 WL 7042113, at *1 (D. Del. Sept. 15, 2016) ("Our system is not so feeble that a litigant who wants a change in the presiding judge, and has no legitimate basis for seeking recusal, can file meritless recusal motions, and, when the motions are denied, file a baseless lawsuit against the judge and force the recusal of the judge."). Thus, defendant has not demonstrated any appearance of impartiality or bias that would result from me continuing to preside over his case.

## II. MOTION TO APPOINT SPECIAL PROSECUTOR

Defendant moves to appoint a special prosecutor in place of the Assistant United States Attorneys who are assigned to the case. Docket No. 206. Defendant alleges that his most recent plea bargain offer would require him to drop his pending civil suit. *Id*. Defendant further alleges that his counsel told him that "no other offers would be made" if he did not take the plea bargain. *Id*. Defendant contends that these facts are "a clear violation of law," although he does not specify which law. *Id*.

I will deny this motion as well. A defendant is not entitled to any particular plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (noting that "there is no constitutional right to plea bargain"); *Williams v. Jones*, 571 F.3d 1086, 1103 (10th Cir. 2009) (Gorsuch, J., dissenting) ("[P]lea bargaining is a matter of prosecutorial grace, not right or entitlement."). Defendant cites no authority to indicate that the government may not include, as a condition of a plea agreement, a requirement that a defendant

3

dismiss a separate civil action that is related to his criminal case insofar as it seeks defendant's pretrial release. Accordingly, I see no basis for granting defendant's motion.

## III.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion for Recusal of Judge Brimmer [Docket No. 204] is **DENIED**.  It is further

**ORDERED** that defendant's Motion for a Hearing by Neutral Third Party Judge to Hear Defendant's Motion to Recuse Judge Brimmer [Docket No. 205] is **DENIED**.  It is further

**ORDERED** that defendant's Motion to Appoint Special Prosecutor [Docket No. 206] is **DENIED**.

DATED September 16, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge