IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00507-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOSHUA DAVID GESS

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Joshua David Gess's Motion for Release From Detention Pending Sentencing [Docket No. 271]. On December 29, 2020, defendant pled guilty to Count One of the superseding indictment, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Docket No. 265; Docket No. 266 at 4. The maximum statutory penalty is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee. Docket No. 266 at 4. Mr. Gess is set for sentencing on March 26, 2021. Docket No. 265

**I. BACKGROUND**

On December 5, 2019, a grand jury indicted defendant for one count of being a felon in possession of a firearm, one count of possession with intent to distribute 50 grams and more of methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking crime. Docket No. 1. Defendant was arrested on

December 9, 2019, and appeared before the magistrate judge on December 13, 2019. Docket Nos. 4, 10. Defendant did not contest detention, but reserved the argument if circumstances changed. Docket No. 10. The magistrate judge concluded that no condition or combination of conditions of release would reasonably assure the appearance of the defendant and the safety of the community because of the lengthy sentence possible from the offenses defendant was charged with and the fact that defendant did not contest detention. Docket No. 11 at 3. On January 23, 2020, the grand jury issued a superseding indictment for one count of being a felon in possession of a firearm, one count of possession with intent to distribute 5 grams and more of methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking crime. Docket No. 86 at 1-2.

Defendant filed a motion to reconsider his pretrial detention on April 22, 2020. Docket No. 152. On August 19, 2020, the magistrate judge entered an order denying the motion. Docket No. 195 at 1. Title 18 U.S.C. § 3142(f)(2)(B) allows a judicial officer to reopen a detention hearing any time before trial if the judicial officer

> finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). The magistrate judge found that the material presented in defendant's motion for reconsideration[1] did not warrant pretrial release or a hearing on the issue. Docket No. 195 at 7-11. On September 30, 2020, defendant filed a pro se

---

[1] The magistrate judge also considered the information contained in supplements to the motion filed by counsel and pro se filings that defendant made regarding the motion. Docket No. 195 at 3-7.

notice of appeal of the magistrate judge's August 19 denial of his motion for reconsideration of pretrial detention. Docket No. 225. On December 29, 2020, defendant pled guilty to count one of the superseding indictment, Docket No. 265, and on January 11, 2021 the Tenth Circuit dismissed his appeal as moot in light of his guilty plea.[2] Docket No. 273. On January 6, 2021, defendant filed the instant motion for release pending sentencing. Docket No. 271.

## II. ANALYSIS

Title 18 U.S.C. § 3143 provides that "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). There is a presumption of detention pending sentencing. *United States v. Johnson*, 652 F. App'x 619, 621 (10th Cir. 2016) (unpublished).

Defendant argues that his release pending sentencing is necessary in order for him to make arrangements for the care of family matters given his upcoming incarceration. Docket No. 271 at 2. Defendant argues that he should be released because (1) he completed a Peer 1 drug rehabilitation program, (2) he has had clean urine analysis from 2012 to the present, (3) he will live with his aunt in Lakewood, Colorado, (4) he will be supervised by Colorado state parole and will wear an ankle

---

[2] On December 4, the Tenth Circuit partially remanded the appeal to determine whether or not good cause or excusable neglect existed for the late filing of defendant's notice of appeal. Docket No. 256. In light of the Tenth Circuit's dismissal of the appeal, that issue is moot.

monitor, (5) he will attend mental health counseling, (6) he will work at Colorado Roofing and Restoration, (7) his crime had no victims, and (8) he commits to abiding by Court conditions. *Id.*

Defendant has an extensive criminal history dating back to 1993, with a multitude of misdemeanor convictions as well as felony convictions for second degree assault, criminal impersonation to gain a benefit (twice), second degree aggravated motor vehicle theft, possession of a forged instrument, possession of a schedule II controlled substance with intent to distribute, forgery, conspiracy to distribute/manufacture a schedule II controlled substance, first degree aggravated motor vehicle theft, possession of 2 grams or less of methamphetamine, vehicular eluding, and theft of $2,000 to $5,000. Docket No. 27 at 4-13. Defendant has had twenty warrants issued for failures to appear. *Id.* at 3-11. Defendant was on parole when he committed the offense in this case and has had parole revoked three times, indicating that parole is not a deterrent to him. *Id.* at 4, 13. The fact that defendant says he will live with his aunt and work at Colorado Roofing and Restoration, Docket No. 271 at 2, is insufficient to outweigh his history of recidivism and failures to appear. While defendant may have made progress in Peer I, the grand jury found probable cause to believe he possessed methamphetamine with the intent to distribute it. Docket No. 86 at 1. And, as noted, defendant was in mental health counseling when he was arrested, Docket No. 271 at 2, discounting any argument that this counseling will ensure his appearance or prevent him from being a danger to the community. Additionally, defendant pled guilty to being a felon in possession of a firearm, a serious offense with a statutory maximum of 10 years. *See* Docket No. 266 at 4.

In sum, the Court finds that defendant's extensive criminal history, including convictions in 2014 for conspiracy to distribute/manufacture a schedule II controlled substance, first degree aggravated motor vehicle theft, vehicular eluding, and theft of $2,000-$5,000, combined with his history of failures to appear and violations of post-conviction supervision, counsel against release pending sentencing.  Defendant has simply not proven by clear and convincing evidence that there is a combination of conditions that will reasonably assure his appearance or the safety of the community.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that defendant Joshua David Gess's Motion for Release From Detention Pending Sentencing [Docket No. 271] is **DENIED**.

DATED January 19, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge